```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

LINDA J. MILLER,

    Plaintiff,

v.                                                Civil Action No. 5:13CV96
                                                                  (STAMP)

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

The plaintiff, Linda J. Miller, filed an application under Title XVI of the Social Security Act for Social Security Income ("SSI") on February 17, 2011. In her application, the plaintiff alleges disability beginning January 11, 2008, due to a heart condition, stent replacement, chest pain, back pain, and chronic obstructive pulmonary disease ("COPD").

The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held on October 10, 2012, before an administrative law judge ("ALJ"). At this hearing, the plaintiff testified on her own behalf, as did a vocational expert ("VE"). On October 17, 2012, the ALJ issued a decision finding that the plaintiff was not disabled and was capable of performing past relevant work as a fast food cashier. The ALJ stated that such work does not require the performance of work-related

activities precluded by the claimant's residual functional capacity. The plaintiff appealed the ALJ's decision. On July 18, 2013, the Appeals Council upheld the ALJ's decision in part, but found that the plaintiff was disabled beginning October 17, 2012. The plaintiff now appeals the finding that she was not disabled from February 11, 2011 to October 17, 2012.

The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. On April 7, 2014, the magistrate judge issued a report and recommendation recommending that the defendant's motion for summary judgment be granted and the plaintiff's motion for summary judgment denied. Upon submitting his report and recommendation, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report. Neither party filed objections.

## II. Applicable Law

As there were no objections filed to the magistrate judge's recommendation, his findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Additionally, because no party filed objections to

the report and recommendation, thus, the plaintiff waived her right to appeal from a judgment of this Court based thereon. Thomas v. Arn, 474 U.S. 140, 148-53 (1985).

III. Discussion

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

In her motion for summary judgment, the plaintiff first alleges that the ALJ erred in formulating her residual functional capacity ("RFC") "by examining each of Plaintiff's limitations individually without considering the effect each limitation may have on the other and in combination with one another." ECF No. 14 Ex. 1 *12-13. The defendant, however, asserts that "the ALJ considered the combined effect of Plaintiff's impairments at the second, third, and fourth steps of the sequential evaluation process."

3

An RFC is defined as "the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). Pursuant to 20 C.F.R. § 404.1545, the determination of an RFC must be based upon all relevant evidence, including descriptions of limitations that go beyond the symptoms, and observations by treating physicians, psychologists, family, neighbors, friends, or other persons. All of this evidence is considered alongside medical records to allow the ALJ to form a complete determination of the claimant's RFC.

After reviewing the ALJ's opinion, this Court agrees with the magistrate judge's finding that the ALJ's RFC determination accounted for all of plaintiff's functional limitations that were established in the record. Further, this Court agrees that substantial evidence supports the ALJ's evaluation of the plaintiff's impairments.

The plaintiff next argues that the ALJ erred in his analysis of the plaintiff's credibility, as she asserts it was based upon erroneous fact finding and reasoning. The defendant, however, asserts that substantial evidence supports the ALJ's credibility finding.

When reviewing an ALJ's credibility determination as to the claimant's subjective complaints, the district court is to give "the ALJ's observations concerning these questions . . . great weight" because "he had the opportunity to observe the demeanor and to determine the credibility of the claimant." Shively v. Heckler,

739 F.2d 987, 989 (7th Cir. 1984) (citing Tyler v. Weinberger, 409 F. Supp. 776 (E.D. Va. 1976)). As such, a district court is to "reverse an ALJ's credibility determination only if the claimant can show it was 'patently wrong.'" Powers v. Apfel, 207 F.3d 431, 435 (7th Cir. 2000) (citing Herr v. Sullivan, 912 F.2d 178, 181 (7th Cir. 1990)).

The "determination of whether a person is disabled by pain or other symptoms is a two step process." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996) (citing 20 C.F.R. §§ 404.1529, 416.929). The plaintiff must first show "by objective medical evidence a condition reasonably likely to cause the pain claimed." Hines v. Barnhart, 453 F.3d 559, 564 (4th Cir. 2006). If the plaintiff meets her threshold obligation, the plaintiff presents subjective evidence of "the intensity and persistence of [her] pain, and the extent to which it affects her ability to work." Craig, 76 F.3d at 95. The plaintiff's allegations may not be discredited solely because there is no objective evidence to substantiate her allegations. Id. However, the allegations "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers." Id.

This Court finds no clear error in the magistrate judge's finding that the ALJ complied with United States Court of Appeals

5

for the Fourth Circuit's two-step process for determining whether a person is disabled by pain or other symptoms explained in Craig. As to the first step in the Craig analysis, neither party disputed the ALJ's determination concerning the plaintiff's credibility as to her symptoms. While the plaintiff contests the ALJ's determination as to the second step in the Craig analysis, the ALJ's determination complied this step as well. The ALJ discussed the plaintiff's daily activities, location and intensity of her pain, aggravating factors, and medications and treatment used by the plaintiff to alleviate her pain. Further, the ALJ throughly discussed the medical evidence contradicting the plaintiff's subjective complaints. Thus, based on the ALJ's discussion of these facts, substantial evidence supports the ALJ's credibility determination concerning the intensity and persistence of the plaintiff's pain, and the extent to which it affected her ability to work.

Lastly, the plaintiff argues that the ALJ failed to consider that the plaintiff met the definition of a person close to retirement. The plaintiff asserts that the ALJ should have considered her age at the time of the hearing and found her disabled. The defendant, however, asserts that the plaintiff's age was not relevant in this instance.

This Court finds that the magistrate judge did not err in finding such argument without merit. The regulations cited by the

plaintiff concerning retirement age being an issue are only relevant at step five of the sequential evaluation process. See Gavigan v. Barnhart, 261 F. Supp. 2d 334, 338 (D. Md. 2003). "Where substantial evidence supports the ALJ's step four finding regarding [past relevant work], the ALJ was under no obligation to proceed to step five of the sequential analysis." Cook v. Colvin, No. 1:11-CV-187, 2014 WL 317847 at *4 (M.D.N.C. Jan. 29, 2014) (citation omitted). Here, the ALJ's finding at step four that the plaintiff could perform her past relevant work as a fast food cashier was supported by substantial evidence. Accordingly, the ALJ need not have proceeded to step five and taken into account the regulations cited in support of the plaintiff's argument.

## IV. Conclusion

Because the parties have not objected to the report and recommendation, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, the defendant's motion for summary judgment is GRANTED and the plaintiff's motion for summary judgment is DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a

waiver of appellate rights. Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    May 9, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE